UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LACINDO A M LUCKETT,

Plaintiff,

v.

A. NEUZERLING and E. EISNER,

Defendants.

CAUSE NO. 3:26-CV-70-PPS-JEM

OPINION AND ORDER

Lacindo A M Luckett, a prisoner without a lawyer, filed a complaint against

Caseworker E. Eisner and Case Manager A. Neuzerling asserting they violated his due

process rights and Indiana Department of Correction policy by refusing to transfer him

to another prison. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro*

*se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must

review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief.

Luckett has been housed at the Miami Correctional Facility in a segregated unit

since August 28, 2022. ECF 2 at 2. He asserts that, per Indiana Department of Correction

Policy ("IDOC"), he may request a department-wide transfer after he has been at a

facility for one year. *Id*. at 3. On January 1, 2026, he asked. Eisner and. Neuzerling to

transfer him to another prison, but they refused to do so. *Id*. Luckett asserts that he requested transfers on three prior occasions, but they were also denied. *Id*. at 4. He requested transfers because Miami's correctional staff has not helped him solve his personal problems and he is unable to achieve his educational and religious goals. *Id*. at 3. Luckett also seeks a transfer so that he can be closer to his family. *Id*. He states he will be released from Miami's segregated unit on May 13, 2027. *Id*. Luckett requests monetary damages to compensate him for his alleged pain and suffering while being housed at Miami. *Id*. at 5.

As an initial matter, I note that a violation of IDOC policy alone is not a viable constitutional claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)).

To the extent Luckett believes his liberty interests and due process rights are being violated because he has not been transferred to another facility, he has not stated a claim here. ECF 2 at 4. The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. That said, due process is only required when punishment extends the duration of confinement or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515

2

U.S. 472, 484-85 (1995). The Seventh Circuit has "concluded that inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) (citing *Lekas v. Briley*, 405 F.3d 602, 608–09 & 608 n.4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."); *Healy v. Wisconsin*, 65 Fed. Appx. 567, 568 (7th Cir. 2003) ("[I]nmates do not have a protected liberty interest in a particular security classification.") (citing *Sandin*, 515 U.S. at 486).

Although later cases have questioned the conclusion that placement in nonpunitive segregation can "*never* implicate a liberty interest," *see Williams v. Brown*, 849 Fed. Appx. 154, 157, n.3 (7th Cir. 2021) (emphasis added), timing plays a part in the analysis, even when conditions are significantly harsher. *See e.g., Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017) ("Prisoners do not have a constitutional right to remain in the general population, but both the duration *and* the conditions of the segregation must be considered in determining whether due process is implicated.") (internal quotation marks, parenthesis, and citations omitted; emphasis in original); *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 & nn.2–3 (7th Cir. 2009) (collecting cases that held segregation of two to ninety days does not trigger due process concerns and stating, "[i]n a number of other cases, we have explained that a liberty interest may arise if the length of segregated confinement is substantial *and* the record reveals that the

3

conditions of confinement are unusually harsh.") (emphasis added); *Lekas*, 405 F.3d at 612 (finding that up to ninety days in segregation does not affect liberty); *see also Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (recognizing "duration" is a component that plays a part in determining whether a liberty interest exists).

Being housed in a segregated unit for almost four years may be long enough to trigger due process concerns. However, Luckett has not described conditions of confinement that amount to an atypical or significant hardship. He states only that correctional officers have not helped him solve his unspecified problems and he has not been able to pursue his unspecified educational and religious goals. ECF 2 at 3. These allegations fall short of suggesting his conditions in segregation are atypical or significantly harsh. Therefore, I find that Luckett has not stated a plausible Fourteenth Amendment due process claim.

As a final matter, Luckett asserts that he has filed grievances but has never received any responses to them. ECF 2 at 2-3, 5. However, Luckett has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, Luckett may not proceed here.

This complaint does not state a claim for which relief can be granted. If Luckett believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738

4

(7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Lacindo A M Luckett until **July 29, 2026**, to file an amended complaint; and

(2) CAUTIONS Lacindo A M Luckett that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: June 29, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT